**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MICHAEL R. FISHER**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALAN WEIR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1201-CR-22 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause No. 49G05-1103-FC-15238

**July 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Alan Weir pled guilty to Class C felony escape and was sentenced to two years on community corrections home detention as an alternative to the Indiana Department of Correction and two years suspended but with no probation. When Weir later violated the terms of his community corrections placement, the trial court sentenced him to the balance of his home-detention sentence *and* his previously suspended two-year sentence in the DOC. Weir now appeals, arguing that the trial court did not have the authority to sentence him to his previously suspended two-year sentence in the DOC. We conclude that the trial court had such authority and therefore affirm.

## Facts and Procedural History

In March 2011, the State charged Weir with Class C felony escape and two counts of Class A misdemeanor resisting law enforcement for fleeing from the police while waiting to be taken into custody. Weir was on probation for Class C felony child molesting under Cause No. 49G05-0909-FC-81199 (Cause No. 81199) at the time.

In June 2011, Weir pled guilty to Class C felony escape. According to the plea agreement, the State agreed to dismiss the two counts of resisting law enforcement as well as the pending probation violation in Cause No. 81199. The parties agreed to the following sentence, "Four (4) years, with two (2) years executed and (2) years suspended." Appellant's App. p. 56 (capitalization omitted). Placement and remaining terms were left to the trial court's discretion. *Id.* In addition, Weir was to complete all terms and conditions imposed under his probation in Cause No. 81199 as a condition of his sentence for escape. *Id.*

2

At Weir's June 14, 2011, guilty-plea and sentencing hearing, the trial court accepted the plea agreement and sentenced Weir to four years with two years served through the Marion County Community Corrections home-detention program and two years suspended. Tr. p. 19. As a condition of Weir's community corrections placement, the trial court ordered Weir to complete the original terms of his sex-offender treatment in Cause No. 81199. *Id.* The prosecutor made a point to inform Weir that "this is his chance and this is his break and that if there are any violations of these conditions or terms I will follow this case to its conclusion and make sure he spends the remainder of the time in the Department of Correction." *Id.* at 20. The trial court agreed:

> So do you understand that, Mr. Weir? I will say it is fairly rare for us to not give full backup for someone who commits escape while on probation, so I hope that you consider that going forward, because if you do violate the terms of your probation – Community Corrections and probation, then the next stop is the Department of Correction. You understand?

*Id.* at 20-21. Weir said he understood. *Id.* at 21. Although the trial court alluded to probation, both Weir and the State agree on appeal that the trial court never placed Weir on probation; rather, the trial court sentenced Weir to two years of community corrections home detention as an alternative to the DOC and two years suspended. *See* Appellant's App. p. 17 (June 14 CCS entry), 17-18 (June 16 CCS entry), 62-63 (Order of Commitment to Community Corrections), 66 (Sentencing Order).[1]

---

[1] Weir argues that the trial court erroneously made changes to his sentence after his sentencing hearing. However, we agree with Weir that he was never placed on probation. In addition, in light of our conclusion that the trial court had the authority to sentence Weir to his previously suspended sentence of two years in the DOC even though he was not on probation, we do not need to address these concerns.

3

On November 3, 2011, Marion County Community Corrections filed a Notice of Community Corrections Violation alleging that Weir's equipment was compromised and as a result he was not being monitored. The Notice provided:

> Notice is hereby given the client that, should the court find you have violated the terms of your sentence, Community Corrections may recommend that your sentence be modified, or that it be revoked and the originally suspended sentence be imposed by the court.

*Id.* at 74 (capitalization omitted).

A hearing was held on December 21, 2011. At the time, Weir had been unmonitored for thirty-five days. Weir explained that his equipment stopped working and he took it off; however, he never went to the Community Corrections office to have it repaired or replaced. The trial court found that Weir violated the terms of his community corrections placement and sent him "to the Department of Correction for four years, credit for 147 days." Tr. p. 30. The trial court gave Weir "the remainder of his sentence and his backup time" even though he was not on probation. *Id.* The court explained,

> His acts violate the suspended sentence, even though it doesn't violate the probation. Otherwise there'd be no point to give a suspended sentence. So I'm giving him four years and if you think that's a mistake, I'd invite you to file a motion to correct errors so we can have that argument.

*Id.*

Although Weir never filed a motion to correct error, he now appeals raising this very issue.

### Discussion and Decision

Weir "does not contest the [trial] court's authority to order that the balance of his two-year home detention be served at the Indiana Department of Correction."

Appellant's Br. p. 5. Instead, he contends that the trial court erred in ordering his two-year suspended sentence be served at the DOC. He argues that because (1) the trial court did not put him on probation at his sentencing hearing and (2) there were no probation terms for him to violate, the trial court did not have the authority to order him to serve his previously suspended two-year sentence at the DOC.

For purposes of appellate review, we treat the revocation of placement in a community corrections program the same as we do the revocation of probation. *Brown v. State*, 947 N.E.2d 486, 489 (Ind. Ct. App. 2011), *trans. denied*. Placement in a community corrections program is an alternative to commitment at the DOC and made at the sole discretion of the trial court. *Id.* A defendant is not entitled to serve his sentence in a community corrections program but, as with probation, placement in the program is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Id.*

Indiana Code chapter 35-38-2.6 governs this issue.[2] Indiana Code section 35-38-2.6-3(a) provides that a trial court may, at the time of sentencing, suspend the sentence and order a person to be placed in a community corrections program as an alternative to commitment at the DOC. In addition, the court may impose reasonable terms on the placement. Ind. Code § 35-38-2.6-3(a). If the court places a person in a community corrections program under chapter 2.6, the court shall suspend the sentence for a fixed period to end not later than the date the suspended sentence expires. Ind. Code § 35-38-2.6-4. In addition,

---

[2] This chapter applies to the sentencing of Weir because he was on probation for Class C felony child molesting when he committed Class C felony escape and therefore part of his sentence was not eligible to be suspended. *See* Ind. Code § 35-38-2.6-1(a)(1).

5

> If a person who is placed under this chapter violates the terms of the placement, the court may, after a hearing, do any of the following:
>
> > (1) Change the terms of the placement.
> > (2) Continue the placement.
> > (3) Revoke the placement and commit the person to the department of correction for the remainder of the person's sentence.

Ind. Code § 35-38-2.6-5.

Here, in compliance with the plea agreement, the trial court sentenced Weir to four years with two years executed and two years suspended as follows: two years in a community corrections program as an alternative to the DOC and two years suspended with no probation. When Weir later violated the terms of his community corrections placement, the two-year suspended portion of his sentence was still outstanding. Accordingly, the trial court sentenced Weir to the balance of his home-detention sentence *and* his previously suspended two-year sentence in the DOC, not just the balance of his home-detention sentence in the DOC. We, however, find that Section 35-38-2.6-5 gives the trial court the authority to do exactly this. That is, if a person violates the terms of his community corrections placement, the court may, after a hearing, "Revoke the placement and commit the person to the department of correction *for the remainder of the person's sentence*." (emphasis added).

Although Weir argues that "it is unreasonable to construe this provision to permit anything more than the ordering of the service at the Department of Correction of the remaining portion of the community correction sentence," Appellant's Reply Br. p. 4, there is simply nothing in Section 35-38-2.6-5 that limits the trial court's authority to commit the person to the DOC for only the remainder of his community corrections

6

sentence. Rather, once a person violates the terms of his community corrections placement, the entire suspended sentence may be served in the DOC. *See Patterson v. State*, 750 N.E.2d 879 (Ind. Ct. App. 2001). Because Weir violated the terms of his community corrections placement, the trial court could also order him to serve his previously suspended two-year sentence in the DOC; it does not matter that Weir was not placed on probation for this portion of his sentence. Otherwise, as the trial court aptly observed, there would be no point in giving a defendant a suspended sentence. There is no abuse of discretion.

Affirmed.

CRONE, J., and BRADFORD, J. concur.